UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 06-627M |
| v. ) | |
| ) | |
| CHEUK WING CHU, ) | ORDER DENYING MOTION TO REVIEW |
| ) | DETENTION ORDER |
| Defendant. ) | |
| _____ ) | |

The defendant is charged with Conspiracy to Engage in Bulk Cash Smuggling in violation of 31 U.S.C. §§ 5332(a) and 5332(b)(1). He faces up to 20 years of imprisonment if he is found to be guilty. The defendant was apprehended while crossing the border between the United States and Canada. He is a Canadian citizen, and has no ties to the Western District of Washington, with the exception of the fact that his wife presently resides in Seattle. She has, however, applied to become a permanent resident of Canada. The defendant retains strong business and family ties in Canada and China. Accordingly, this Court ordered the defendant detained pending trial as a flight risk. Dkt. No. 9.

The defendant has filed a motion asking the Court to reopen the detention hearing (Dkt. No. 10), arguing that the posting of an unspecified amount of cash collateral by his brother and his wife's home, with an unspecified amount of equity, could alleviate the risk of flight. With this information, the defendant seeks to reopen the detention proceedings.

Under 18 U.S.C. § 3142(f), a detention hearing can be reopened at any time before trial if the Court finds that "information exists that was not known to the movant at the time of the

01  hearing and that has a material bearing on the issue whether there are any conditions of release
02  that will reasonably assure the appearance of the person as required and the safety of any other
03  person and the community."
04        In this case, there is no indication provided that the proffered information did not exist at
05  the time of the initial detention hearing, and indeed, there are no specifics provided in the current
06  motion as to the amount of cash collateral allegedly available from his brother or the value of any
07  home equity offered.  More importantly, however, the posting of cash collateral in this instance
08  will not alleviate the risk of flight in this case.  The defendant's contacts are in Canada and in
09  China.  His wife is applying to become a permanent resident of Canada.  The defendant has no real
10  ties to the United States.  If released, he simply has no incentive to face the charges in this case,
11  and as such, remains a risk of flight.
12        Accordingly, the motion to reopen the detention hearing (Dkt. No. 10) is denied.

14        DATED this 6th day of December, 2006.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge